UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANDRE ANTROBUS,

                                    Plaintiff,          9:17-CV-0635
                                                                           (MAD/DEP)

     v.

JOHN DOE,

                                    Defendant.

---

APPEARANCES:

ANDRE ANTROBUS
13-A-2171
Plaintiff, pro se
Great Meadow Correctional Facility
P.O. Box 51
Comstock, NY 12821

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

Plaintiff Andre Antrobus, an inmate confined in the custody of the Department of Corrections and Community Supervision ("DOCCS") at Great Meadow Correctional Facility ("Great Meadow C.F."), commenced this action pro se in the United States District Court for the Southern District of New York. *See* Dkt. No. 1 ("Compl.").[1] By Order filed June 18, 2017,

---

[1] A one-page submission from plaintiff entitled "Permission to File" was docketed as the complaint. That submission, which does not name any defendants, reads in its entirety as follows:

> I Andre Antrobus petitioner requests permission to file a lawsuit with District Court a 1983 U.S.D.C. Because I had 3 strikes of frivolous lawsuits in District Court 2011 I am willing to pay 350.00 filing fee. But right now I'm in dire injury or death pulling life endanger cause of where I am at they find out I will be beat up by the beat up squad. So can I have permission to file a 1983 lawsuit forma pauperis or pay the filing fee.

Southern District Chief Judge Colleen McMahon transferred the action to this District. Dkt. No. 2 ("Transfer Order").

Upon review of plaintiff's sparse and incomplete pleading, this Court concluded that the complaint afforded no basis for judicial relief of any kind. *See* Dkt. No. 5 ("June Order"). Plaintiff was advised that in order to pursue claims arising out of his DOCCS confinement in an action pursuant to 42 U.S.C. § 1983 ("Section 1983"), he must file an amended complaint naming one or more defendants and setting forth a clear and concise statement of his claim(s). *Id.* at 2. Plaintiff was also directed to comply with the filing fee requirements by either paying the full filing fee for this action, or by submitting a completed, signed, and properly certified in forma pauperis application and signed inmate authorization form. *Id.*[2]

Plaintiff duly filed an amended complaint (Dkt. No. 12), as well as an application to proceed in forma pauperis (Dkt. No. 9), and a motion for appointment of pro bono counsel (Dkt. No. 14).[3] In addition, plaintiff submitted two letter motions requesting that this action be transferred back to the Southern District of New York and seeking appointment of counsel. Dkt. Nos. 8, 13.

## II.    DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving

---

Compl. at 1.

[2] Plaintiff states that he has "three strikes" for purposes of 28 U.S.C. § 1915(g). Compl. at 1; *see also* Transfer Order at 1. As advised in the June Order, if and to the extent plaintiff seeks to invoke the "imminent danger" exception to the "three strikes" rule, he must first file a proper application for in forma pauperis status. June Order at 2-3.

[3] In light of these filings, plaintiff's extension request (Dkt. No. 11), is denied as unnecessary.

2

rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Even if venue is proper, a district court may transfer an action in the interest of justice and for the convenience of the parties and witnesses to any other district where it might have been brought. *See* 28 U.S.C. § 1404(a) ("Section 1404(a)").[4]  "The purpose of Section 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Flaherty v. All Hampton Limousine, Inc.*, No. 01 Civ. 9939, 2002 WL 1891212, at *1 (S.D.N.Y. Aug. 16, 2002) (internal quotations and citations omitted).

In the Transfer Order, the Southern District construed the complaint as alleging "constitutional violations arising out of events occurring at Great Meadow Correctional Facility in Washington County."  Transfer Order at 2.  That court concluded that "[b]ecause Plaintiff does not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under § 1391(b)(1), (2)." *Id.*[5]

Plaintiff contends that the transfer of this action was unwarranted because the violations of his constitutional rights for which he seeks redress occurred during his

---

[4] Although a transfer pursuant to Section 1404(a) is typically premised on the motion of a party, the language of the statute is broad enough that a court can transfer a case on its own initiative.  *Lead Indus. Ass'n. v. Occupational Safety & Health Admin.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) ("The broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer [s]ua sponte . . . .") (citing cases); *Blum v. Salomon*, No. 06 Civ. 3149, 2006 WL 3851157, at *3 (S.D.N.Y. Dec. 28, 2006) (holding that a district court "may order a § 1404(a) transfer sua sponte").

[5] As noted, no defendants were named in the complaint.

3

confinement at Green Haven Correctional Facility ("Green Haven C.F."), which is located in the Southern District of New York (and not at Great Meadow C.F. where he is presently confined), and asks that the action be returned to that District.  Dkt. No. 8 at 1; Dkt. No. 13 at 1-2.

Upon review of the amended complaint, the Court notes that Green Haven C.F. C.O. Wellington, Green Haven C.F. C.O. Dapecevic, Green Haven C.F. Supt. Griffen, and "6 unknown officers of Green Haven C.F." are named as defendants.  Am. Compl. at 1, 3.  In addition, and while the pleading is not a model of clarity, plaintiff states that his claims arose at Green Haven C.F., identifies his location within that facility as "J-Block ..I.C.P. 2nd Flr," and states that the events giving rise to his claims occurred from April 2014 to March 2015.  *Id.* at 3.  The amended complaint also names DOCCS Acting Commissioner Anthony Annucci as a defendant.  *Id.* at 1.

Based upon the foregoing, and assuming federal jurisdiction exists in this case, it appears that venue of this action is proper in the Southern District and in this District.  The Court must next determine whether the balance of convenience and justice favors returning this action to the Southern District as plaintiff requests.

In determining whether to transfer an action under Section 1404(a) to another district where it might have been brought, courts consider: (1) plaintiff's choice of forum, (2) the convenience of witnesses and parties, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, and (6) the relative means of the parties.  *New York Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010).  Here, plaintiff chose to commence this action in the Southern District.  In addition,

4

the alleged wrongdoing occurred at Green Haven C.F. and the "locus of operative facts" is in the Southern District, where relevant documents and witnesses are likely located.

Based upon the foregoing, and in the interests of justice, the Court grants plaintiff's requests and hereby transfers this action to the Southern District of New York. Plaintiff's motions are denied in all other respects without prejudice and with leave to renew in the Southern District. The Court makes no ruling as to the sufficiency of plaintiff's amended complaint or the merits of plaintiff's IFP Application and motion for counsel, thereby leaving those determinations to the Southern District.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motions (Dkt. Nos. 8, 13) are **GRANTED in part and DENIED in part** as set forth herein; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1404(a), the Clerk of this Court shall transfer this action to the United States District Court for the Southern District of New York; and it is further

**ORDERED** that the Clerk of this Court shall advise the Clerk of the Southern District of New York of the entry of this Decision and Order and provide all information prejudice for the Clerk of the Southern District to electronically access the documents filed in this action. The Court hereby waives the fourteen (14) day waiting period provided for in Local Rule 83.6; and it is further

**ORDERED** that plaintiff's motions (Dkt. Nos. 8, 13) are **DENIED** in all other respects without prejudice and with leave to renew in the Southern District; and it is further

**ORDERED** that plaintiff's request for an extension of time (Dkt. No. 11) is **DENIED as**

**unnecessary**; and it is further

      **ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: October 6, 2017
       Albany, NY

_____
Mae A. D'Agostino
U.S. District Judge